IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR319-1 |
| | : | |
| v. | : | |
| | : | |
| TYQUAN DESHAWN GLOVER | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, TYQUAN DESHAWN GLOVER, in his own person and through his attorney, Aaron B. Wellman, and state as follows:

1. The defendant, TYQUAN DESHAWN GLOVER, is presently under Indictment in case number 1:23CR319-1, which charges him in Count One with a violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D), dealing in firearms without a license; and which charges him in Count Two with a violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2), false statement on a federal firearms form.

2. The defendant, TYQUAN DESHAWN GLOVER, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, TYQUAN DESHAWN GLOVER, understands that the maximum term of imprisonment provided by law for Count One of the Indictment herein is not more five years, and the maximum fine for Count One of the Indictment herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TYQUAN DESHAWN GLOVER, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, TYQUAN DESHAWN GLOVER, also understands that, as to Count One of the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, TYQUAN DESHAWN GLOVER, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed

2

by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d. The defendant, TYQUAN DESHAWN GLOVER, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TYQUAN DESHAWN GLOVER, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, TYQUAN DESHAWN GLOVER, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, TYQUAN DESHAWN GLOVER, knowingly waives and

3

gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TYQUAN DESHAWN GLOVER, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, TYQUAN DESHAWN GLOVER, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining count of the Indictment herein as to the defendant, TYQUAN DESHAWN GLOVER. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, TYQUAN DESHAWN GLOVER, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a)

4

is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

   c. Upon acceptance by the Court of a guilty plea by the defendant, TYQUAN DESHAWN GLOVER, to Count One of the Indictment herein, once the Court has determined the applicable advisory guideline range, the United States will not oppose a probationary sentence. This portion of the plea agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

   d. The defendant, TYQUAN DESHAWN GLOVER, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, TYQUAN DESHAWN GLOVER, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

   e. The defendant, TYQUAN DESHAWN GLOVER, waives all rights, whether asserted directly or through a representative, to request or

5

Case 1:23-cr-00319-TDS Document 33 Filed 10/16/24 Page 5 of 8

receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  f. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, TYQUAN DESHAWN GLOVER, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, TYQUAN DESHAWN GLOVER, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

  6. The defendant, TYQUAN DESHAWN GLOVER, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and

shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, TYQUAN DESHAWN GLOVER, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, TYQUAN DESHAWN GLOVER, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, TYQUAN DESHAWN GLOVER, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

7

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 16th day of October, 2024.

SANDRA J. HAIRSTON
United States Attorney

AARON B. WELLMAN
Attorney for Defendant

MICHAEL A. DeFRANCO
Assistant United States Attorney
NCSB # 23072
United States Attorney's Office
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
336/333-5351

TYQUAN DESHAWN GLOVER
Defendant

MAD